**Yonatan ABRHA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 8, 2006.

---

1. Appellant's second request for an extension of time to file a reply brief, received on November 30, 2006, is denied.

Guy G. Grande, San Diego, CA, for Petitioner.

Teodora D. Harizanova, San Diego, CA, Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Jamie M. Dowd, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, CUDAHY *, and GRABER, Circuit Judges.

### MEMORANDUM **

Yonatan Abrha, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA"), dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We grant the petition and remand for further proceedings.

The BIA did not expressly adopt the IJ's decision, but referred to and relied on his factual findings and specifically cited certain grounds mentioned by the IJ. We therefore review the BIA's decision as illuminated by the IJ's findings. *See Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000). Reviewing for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), we conclude that the agency's adverse credibility determination is inadequately supported. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003) ("credibility findings must be supported by specific, cogent reasons that are substantial and bear a legitimate nexus to the determination that the petitioner did not meet his burden of establishing eligibility for asylum.").

■ First, there is no inconsistency between Abrha's asylum application and his testimony regarding whether he was seized from his home or his workplace. Abrha testified that he was arrested and interrogated twice, seized the first time from his workplace and the second time from his home. In the two-page declaration attached to his asylum application, Abrha mentioned only the seizure from his home. The asylum application is "shorthand" and may be supplemented and fleshed out by the testimony. *See Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996) ("[i]t is well settled that an applicant's testimony is not per se lacking in credibility because it includes details that are not set forth in the application."); *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990). The purported inconsisten-

---

\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cy identified by the IJ and the BIA therefore does not support the adverse credibility determination. Moreover, the IJ did not "afford [Abrha] a chance to explain [the] inconsistenc[y]," as he was required to do. *See Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006).

■ Second, there is no inconsistency between Abrha's asylum application and his testimony regarding whether he recognized the two men who came to his house to find him. Abrha explained that they were "the same people who [took him] earlier that day" and stated that he "did not know [them] personally." They were "strangers" to him, even though he recognized them. This purported inconsistency does not support the BIA's adverse credibility determination.

■ Third, substantial evidence does not support the agency's adverse credibility ground based on Abrha's relation to Seye Abrha, the former defense minister in Ethiopia. Abrha's testimony concerning his familial relationship with Seye Abrha was internally consistent and consistent with his declaration: Seye Abrha is his mother's cousin (Seye Abrha's mother and his mother's mother are sisters). The translated government document that Abrha submitted as proof of his relationship to Seye Abrha stated that Abrha's mother and Seye Abrha's mother are sisters, but Abrha explained during his testimony that the document referred to them as sisters because "[t]hat's how they say it … they called them sisters." Abrha also explained that he initially referred to Seye Abrha's mother as "Aberash" even though the doc-

ument stated her name was "Alganesh Belay" because he did not know her.[1] Neither the IJ nor the BIA addressed Abrha's explanations. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency."); *Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004). There is no dispute that Abrha is closely related to Seye Abrha, a former political figure, and that he was arrested by government actors who interrogated him about his relationship with Seye Abrha.

■ Finally, to the extent that the BIA's decision relied on minor discrepancies or purported discrepancies raised by the IJ, none of them provide substantial evidence supporting the adverse credibility determination. Viewed against the record as a whole, they were trivial, explained by Abrha, and/or did not go to the heart of Abrha's asylum claim. *See Mendoza Manimbao*, 329 F.3d at 660 ("Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding.").

The IJ held in the alternative that Abrha would not be eligible for asylum, withholding of removal, or relief under CAT, but the BIA did not reach these issues. Accordingly, we remand for consideration as to whether, accepting his testimony as true, he is eligible for asylum, withholding of removal, or relief under the Convention

---

1. Abrha's testimony concerning how well he knew Seye Abrha was both internally consistent and consistent with his asylum application. He testified that he was "close with [Seye Abrha]" and "knew him very well." He stated in his application that Seye Abrha was a "close relative." None of this is inconsistent with Abrha's testimony that he did not

know Seye Abrha's *mother*, and neither the IJ nor the BIA relied on this ground (i.e., how well Abrha knew Seye Abrha) for its adverse credibility finding. "[T]his court cannot affirm the BIA on a ground upon which it did not rely." *Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000).

Against Torture. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

GRABER, Circuit Judge, dissenting.

I respectfully dissent.

We may not reverse and adverse credibility finding unless the evidence *compels* that result. 8 U.S.C. § 1252(b)(4)(B); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). In my view, the evidence does not compel a fact-finder to believe Petitioner.

In several respects, Petitioner's testimony was contradictory, and in several respects, the testimony was inconsistent with his asylum application. Additionally, Petitioner's testimony contradicted his own documentary evidence concerning the nature of his alleged relationship to Seye Abrha. Some of the inconsistencies, such as those pertaining to where he said he was seized, how he was related to Seye Abrha, and how well he knew Seye Abrha, went to the heart of the claim. *See Malhi,* 336 F.3d at 992–93 ("The discrepancies must go to the heart of the asylum claim"(citing *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam))). The inconsistencies were significant and not trivial. Although Petitioner tried to explain the discrepancies, the immigration judge and the Board of Immigration Appeals were not compelled to credit the explanations.

Accordingly, the petition should be denied.